UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

DAN BODLE,

    Plaintiff,

    v.

SHERIFF WILLIAM REDMAN and TROY WARNER,

    Defendants.

CAUSE NO. 3:21-CV-733 DRL-MGG

## OPINION AND ORDER

Dan Bodle filed an amended complaint against Sheriff William Redman and Troy Warner, the department's attorney. He sues under 42 U.S.C. § 1983 alleging a Fourteenth Amendment due process violation and saying his resignation was induced by inaccurate information about his benefits. The defense moved to dismiss the case under Federal Rule of Civil Procedure 12(b)(6). The court now denies the motion.

## BACKGROUND

For approximately fifteen years, Mr. Bodle served as an officer in the St. Joseph County Sheriff's Department. In August 2018, Mr. Bodle suffered an injury to his knees and shoulders in the line of duty leaving him permanently disabled. He was placed on light duty during rehabilitation. His doctor later said he would not clear Mr. Bodle to return to full duty.

In October 2020, Mr. Bodle met with Mr. Warner to discuss his options. During this meeting, Mr. Warner informed Mr. Bodle that there was no permanent light duty position or further disability leave available, so retiring would be his best and only option. Based on this advice, Mr. Bodle retired from the department on October 30, 2020.

Mr. Bodle later determined Mr. Warner's advice was incorrect. According to the Merit Rules of the St. Joseph County Sheriff's Department, officers injured in the line of duty were allowed up to

twelve months of full-pay leave and an additional twelve months of half-pay rate. Mr. Bodle asserts his decision, based on this erroneous advice, diminished his pension because early retirement prevented him from accruing an additional year of service. Mr. Bodle says he would not have retired if Mr. Warner had advised him correctly.

On September 29, 2021, Mr. Bodle filed suit. On October 5, 2021, he filed an amended complaint. Sheriff Redman and Mr. Warner moved to dismiss. Mr. Bodle responded. Without a reply, the motion became ripe for review.

## STANDARD

In reviewing a motion to dismiss under Rule 12(b)(6), the court accepts all well-pleaded factual allegations as true and draws all reasonable inferences in the plaintiff's favor. *Reynolds v. CB Sports Bar, Inc.*, 623 F.3d 1143, 1146 (7th Cir. 2010). A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The statement must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face and raises a right to relief above the speculative level. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A plaintiff's claim must be plausible, not probable. *Indep. Trust Corp. v. Stewart Info. Servs. Corp.*, 665 F.3d 930, 935 (7th Cir. 2012). Evaluating whether a claim is sufficiently plausible to survive a motion to dismiss is "'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *McCauley v. City of Chi.*, 671 F.3d 611, 616 (7th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 678).

## DISCUSSION

Like two ships passing in the night, the parties seem at times to argue past each other or just not respond. The defense contends that Mr. Bodle failed to state a substantive due process claim under the Fourteenth Amendment because he did not assert an independent constitutional right or that state law remedies were inadequate. Mr. Bodle sidesteps in response and makes a generalized

argument about the alleged Fourteenth Amendment violation—presumably under a procedural due process theory though he never explicitly says this. No reply counters this sidestep.

Each theory offers an independent basis for liability. A "'motion to dismiss under Rule 12(b)(6) doesn't permit piecemeal dismissal of *parts* of claims,'" so the court's inquiry is limited to only whether Mr. Bodle's complaint "'includes factual allegations that state a plausible claim for relief.'" *Bilek v. Fed. Ins. Co.*, 8 F.4th 581, 587 (7th Cir. 2021) (quoting *BBL, Inc. v. City of Angola*, 809 F.3d 317, 325 (7th Cir. 2015)). Typically, because Mr. Bodle's complaint states a plausible claim under a procedural due process theory, the court would start and end there. *See id.* Here, the only argument presented by Sheriff Redman and Mr. Warner is under a substantive due process theory as they do not respond to Mr. Bodle's procedural due process argument. Because Sheriff Redman and Mr. Warner only moved to dismiss one theory, the court addresses their argument to see if this amended complaint really presents more than a substantive due process theory.

Substantive due process remains limited. *See Wash. v. Glucksberg*, 521 U.S. 702, 720 (1997); *Lee v. City of Chi.*, 330 F.3d 456, 467 (7th Cir. 2003). "[S]ubstantive due process is not a 'blanket protection against unjustifiable interferences with property.'" *Lee*, 330 F.3d at 467 (quoting *Schroeder v. City of Chi.*, 927 F.2d 957, 961 (7th Cir. 1991)). Mr. Bodle never asserts that the department's conduct violated a fundamental right. Instead, he posits a due process claim in the deprivation of a property interest—namely his employment with the St. Joseph County Sheriff's Department. By virtue of the merit board statute, *see* Ind. Code § 36-8-10-11(a), he has a recognized right in his employment such that due process protections apply, *see Kiddy-Brown v. Blagojevich*, 408 F.3d 346, 360 (7th Cir. 2005) (protected property interest in employment can arise from state statute); *Williams v. Seniff*, 342 F.3d 774, 787 (7th Cir. 2003) (state law establishes property rights); *Marion Cty. Sheriff's Merit Bd. v. Peoples Broad. Corp.*, 547 N.E.2d 235, 239 (Ind. 1989) (merit board statute created property interest).

Saying he has this property right isn't the end of the matter. "'[I]n cases where the plaintiff complains that he has been unreasonably deprived of a state-created property interest, without alleging a violation of some other substantive constitutional right or that available state remedies are inadequate, the plaintiff has not stated a substantive due process claim.'" *Wudtke v. Davel*, 128 F.3d 1057, 1062 (7th Cir. 1997) (quoting *Kauth v. Hartford Ins. Co.*, 852 F.2d 951, 958 (7th Cir. 1988)); *Lee*, 330 F.3d at 467 ("[W]hen a substantive-due-process challenge involves only the deprivation of a property interest, a plaintiff must show either the inadequacy of state law remedies or an independent constitutional violation[.]") (quotations and citation omitted); *Doherty v. City of Chi.*, 75 F.3d 318, 323-26 (7th Cir. 1996) (same).

The only other right alleged is a procedural right, not a substantive one, so any reliance on *Spreen v. Bray*, 961 F.2d 109 (7th Cir. 1992), for a substantive due process claim is to no avail. *See Gable v. City of Chi.*, 296 F.3d 531, 541 (7th Cir. 2002) (quoting *Wudtke*, 128 F.3d at 1062) ("[T]hey fail to allege a constitutional violation other than violations of due process, and thus have not shown that the City violated 'some other substantive constitutional right.'"); *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996) ("With respect to the Due Process Clause, any right to a grievance procedure is a procedural right, not a substantive one."). The plaintiff in *Spreen*, 961 F.2d at 110, alleged an independent substantive constitutional violation—namely a violation under the First Amendment. Mr. Bodle alleges no such independent substantive violation today.

Mr. Bodle also does not allege that state law remedies are inadequate to redress the injuries he claims to have sustained. *See Lee*, 330 F.3d at 467-68. He doesn't respond to Sheriff Redman and Mr. Warner's argument as to the inadequacy of state law remedies. Given our adversarial system, "[i]t is not the obligation of this court to research and construct the legal arguments open to parties, especially when they are represented by counsel." *Sanchez v. Miller*, 792 F.2d 694, 703 (7th Cir. 1986), *cert. denied*, 479 U.S. 1056 (1987). Under these circumstances, the court must conclude that Mr. Bodle waived

argument as to a substantive due process claim. *See id.*; *Gross v. Town of Cicero*, 619 F.3d 697, 704-05 (7th Cir. 2010).

Instead, Mr. Bodle asserts a violation of his procedural due process rights. To state a procedural due process claim for the deprivation of a property interest, a plaintiff must demonstrate that: (1) "he had a constitutionally protected property interest, (2) [] he suffered a loss of that interest amounting to a deprivation, and (3) [] the deprivation occurred without due process of law." *Moss v. Martin*, 473 F.3d 694, 700 (7th Cir. 2007). "'[T]he Supreme Court has distinguished between (a) claims based on established state procedures and (b) claims based on random, unauthorized acts by state employees.'" *Leavell v. Ill. Dep't of Nat. Res.*, 600 F.3d 798, 804 (7th Cir. 2010) (quoting *Rivera-Powell v. N.Y. City Bd. Of Elections*, 470 F.3d 458, 465 (2d Cir. 2006)). "If the plaintiff alleges that the deprivation is pursuant to an established state procedure, the state can predict when it will occur and is in the position to provide a pre-deprivation hearing." *Id.* (quotations and citation omitted). "'Under those circumstances, the availability of post-deprivation procedures will not, *ipso facto*, satisfy due process.'" *Id.* (quoting *Rivera-Powell*, 470 F.3d at 465).

Through the vehicle of a procedural due process claim, *Spreen* seems applicable, and the defendants have not replied to explain why not. Mr. Bodle alleges his resignation was involuntary due to the erroneous information he received about disability and retirement benefits depriving him of the procedure afforded in Indiana Code § 36-8-10-11(a). Under Indiana Code § 36-8-10-11(a), the "sheriff may dismiss, demote, or temporarily suspend a county police officer for cause after preferring charges in writing and after a fair public hearing before the board[.]" Mr. Bodle has a constitutionally protected property interest in his employment. *See Brown*, 408 F.3d at 360; *Marion Cty. Sheriff's Merit Bd.*, 547 N.E.2d at 239. He alleges facts showing a plausible deprivation of this interest, and says he was not afforded the procedures in Indiana Code § 36-8-10-11(a). *Spreen* underscores the existence of such a procedural due process claim, noting "'if the resignation was involuntarily given . . . then plaintiff's

separation from government employment constituted a discharge, and he would be entitled to certain procedural rights[.]'" *Spreen*, 961 F.2d at 112 (quoting *Dusanek v. Hannon*, 677 F.2d 538, 543 (7th Cir. 1982)), *cert. denied*, 459 U.S. 1017 (1982). Without a cogent reply why this procedural due process claim fails on this pleading, the court must deny the motion to dismiss and permit the case to proceed on this claim.

## CONCLUSION

Accordingly, the court DENIES the motion to dismiss [ECF 10].

SO ORDERED.

April 20, 2022                                                                *s/ Damon R. Leichty*
                                                                                          Judge, United States District Court